UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:26-CV-00117-GNS

AIDA SHATMANALIEVA                                                                                    PETITIONER

v.

JASON WOOLSEY, Grayson County Jailer;
PAMELA BONDI, Attorney General of the United States;
SAMUEL J. OLSON, Chicago Field Office Director,
Immigration and Customs Enforcement and Removal Operations;
TODD LYONS, Acting Director of the
U.S. Immigration and Customs Enforcement;
KRISTI NOEM, Secretary of the
Department of Homeland Security; and
U.S. Department of Homeland Security                                                          RESPONDENTS

## **ORDER**

This matter is before the Court on the Petitioner's Petition for Writ of Habeas Corpus (DN 1).

On September 7, 2023, Petitioner Aida Shatmanalieva ("Shatmanalieva"), who is a native and citizen of Russia, was paroled into the United States. (Pet. ¶¶ 2, 51, 54, DN 1). After she applied for asylum after being threatened by the Russian government due to her political beliefs, she was placed in removal proceedings under 8 U.S.C. § 1229a. (Pet. ¶¶ 2, 52, 55-56).

On October 15, 2025, Shatmanalieva was detained when she appeared for a routine Immigration and Customs Enforcement ("ICE") check-in in Chicago, Illinois. (Pet. ¶ 58). She is currently detained at the Grayson County Detention Center. (Pet. ¶¶ 20, 59-60).

Shatmanalieva filed the Petition for Writ of Habeas Corpus against Respondents: Jason Woosley ("Woosley"), in his official capacity as Jailer of the Grayson County Detention Center; Pamela Bondi, in her official capacity as Attorney General of the United States; Samuel J. Olson,

in his official capacity as Field Office Director of the Chicago Field Office of ICE; Todd Lyons, in his official capacity as Acting Director of ICE; Kristi Noem, in her official capacity as Secretary of the Department of Homeland Security ("DHS"); and DHS.[1]  (Pet. ¶¶ 21-25).  In the Petition, she challenges her continued detention and alleges violations of her due process rights under the Fifth Amendment, the Administrative Procedure Act, and the application regulations/*Accardi* doctrine.  (Pet. ¶¶ 62-94).

A writ of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions."  28 U.S.C. § 2241(a).  Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting 28 U.S.C. § 2241(c)).  In seeking habeas relief, Shatmanalieva bears the burden of proving by a preponderance of the evidence that her detention is unlawful.  *See Freeman v. Pullen*, 658 F. Supp. 3d 53, 58 (D. Conn. 2023); *Lallave v. Martinez*, 609 F. Supp. 3d 164, 171 (E.D.N.Y. 2022).

This Court has previously rejected Respondents' arguments that Shatmanalieva is an arriving alien subject to 8 U.S.C. § 1225 when the catchall or default rule in 8 U.S.C. § 1226(a) applies to aliens like Shatmanalieva already present within the United States.  *See Aquino v. Woosley*, No. 4:26-CV-00043-RGJ, 2026 WL 445033, at *2-9 (W.D. Ky. Feb. 17, 2026); *Colina-Rojas v. Noem*, No. 4:26-CV-00037-RGJ, 2026 WL 412138, at *3-10 (W.D. Ky. Feb. 13, 2026); *Moran v. Noem*, No. 4:26-CV-00017-RGJ, 2026 WL 381605, at *3-9 (W.D. Ky. Feb. 11, 2026);

---

[1] "In Kentucky, the Jailer—a constitutionally elected county official—has 'custody, rule and charge of the jail' or detention center in his or her county and 'of all persons in the jail.'" *Moore v. Mason Cnty.*, No. 16-185-DLB-CJS, 2018 WL 4211732, at *1 (E.D. Ky. Sep. 4, 2018) (citing Ky. Const. § 99; KRS 71.020).  Therefore, as the jailer, Woosley is responsible for the jail or detention center and has custody of any detainee while he or she is incarcerated at that facility.

*Salmeron v. Olson*, No. 4:25-CV-00198-RGJ, 2026 WL 324486, at *3-9 (W.D. Ky. Feb. 6, 2026); *Coronel-Hernandez v. Woosley*, No. 4:26-CV-00020-DJH, 2026 WL 227011, at *3-4 (W.D. Ky. Jan. 28, 2026); *Celis v. Woosley*, No. 4:25-CV-00189-RGJ, 2026 WL 181340, at *2-10 (W.D. Ky. Jan. 22, 2026); *Rodriguez v. Noem*, No. 4:25-CV-00176-RGJ, 2026 WL 116412, at *2-10 (W.D. Ky. Jan. 15, 2026); *Meza v. Lewis*, No. 4:25-CV-00171-RGJ, 2026 WL 92102, at *3-10 (W.D. Ky. Jan. 13, 2026); *Reyes-Godenes v. Lewis*, No. 4:25-CV-00169-RGJ, 2026 WL 74566, at *2-10 (W.D. Ky. Jan. 9, 2026); *Rodriguez v. Woosley*, No. 4:25-CV-00168-RGJ, 2026 WL 36345, at *3-10 (W.D. Ky. Jan. 6, 2026); *Ariza v. Noem*, No. 4:25-CV-00165-RGJ, 2025 WL 3722014, at *3-10 (W.D. Ky. Dec. 23, 2025); *Reyes-Martinez v. Woosley*, No. 4:25-CV-00150-RGJ, 2025 WL 3680330, at *4-11 (W.D. Ky. Dec. 18, 2025); *Ramirez v. Lewis*, No. 4:25-CV-00143-RGJ, 2025 WL 3553676, at *3-11 (W.D. Ky. Dec. 11, 2025); *Resendiz v. Noem*, No. 4:25-CV-00159-GNS, 2025 WL 3527284, at *3-6 (W.D. Ky. Dec. 9, 2025); *Aranda v. Olson*, No. 4:25-CV-00156-GNS, 2025 WL 3499061, at *3-6 (W.D. Ky. Dec. 5, 2025); *Mateo v. Noem*, No. 4:25-CV-00151-GNS, 2025 WL 3499062, at *4-7 (W.D. Ky. Dec. 5, 2025); *Edahi v. Lewis*, No. 4:25-CV-00129-RGJ, 2025 WL 3466682, at *5-13 (W.D. Ky. Nov. 27, 2025); *Singh v. Lewis*, No. 4:25-CV-00133-DJH, 2025 WL 3298080, at *4-5 (W.D. Ky. Nov. 26, 2025); *Navarrete v. Noem*, No. 4:25-CV-00157-DJH, 2025 WL 3298081, at *2-3 (W.D. Ky. Nov. 26, 2025); *Salinas v. Woosley*, No. 4:25-CV-00121-DJH, 2025 WL 3243837, at *2-3 (W.D. Ky. Nov. 20, 2025); *Del Villar v. Noem*, No. 4:25-CV-00137-GNS, 2025 WL 3231630, at *3-6 (W.D. Ky. Nov. 19, 2025); *Lopez v. Olson*, No. 3:25-CV-654-DJH, 2025 WL 3217036, at *3 (W.D. Ky. Nov. 18, 2025); *Alonso v. Tindall*, No. 3:25-CV-652-DJH, 2025 WL 3083920, at *4-8 (W.D. Ky. Nov. 4, 2025); *Guerra v. Woosley*, No. 4:25-CV-00119-RGJ, 2025 WL 3046187, at *3-4 (W.D. Ky. Oct. 31, 2025); *Martinez-Elvir v. Olson*, No. 3:25-CV-00589-CHB, 2025 WL 3006772, at *6-11 (W.D. Ky. Oct. 27, 2025);

3

*Orellana v. Noem*, No. 4:25-CV-00112-RGJ, 2025 WL 3006763, at *3-5 (W.D. Ky. Oct. 27, 2025); *Mejia v. Woosley*, No. 4:25-CV-00082-RGJ, 2025 WL 2933852, at *4 (W.D. Ky. Oct. 15, 2025); *Ballestros v. Noem*, No. 3:25-CV-00594-RGJ, 2025 WL 2880831, at *3-4 (W.D. Ky. Oct. 9, 2025); *Singh v. Lewis*, No. 4:25-CV-00096-RGJ, 2025 WL 2699219, at *3 (W.D. Ky. Sep. 22, 2025); *Barrera v. Tindall*, No. 3:25-CV-00541-RGJ, 2025 WL 2690565, at *2-5 (W.D. Ky. Sep. 19, 2025). Therefore, Section 1226(a) applies to Shatmanalieva.

In addition, this Court has repeatedly held that an alien being erroneously detained under Section 1225 when she is eligible for bond under Section 1226(a) can prove a due process violation under the three-part balancing test articulated in *Mathews v. Eldridge*, 424 U.S. 319 (1976). *See Aquino*, 2026 WL 445033, at *10-12; *Colina-Rojas*, 2026 WL 412138, at *10-12; *Moran*, 2026 WL 381605, at *10-12; *Salmeron*, 2026 WL 324486, at *10-12; *Coronel-Hernandez*, 2026 WL 227011, at *4-5; *Celis*, 2026 WL 181340, at *10-11; *Rodriguez*, 2026 WL 116412, at *10-12; *Meza*, 2026 WL 92102, at *11-13; *Reyes-Godenes*, 2026 WL 74566, at *10-12; *Rodriguez*, 2026 WL 36345, at *10-12; *Ariza*, 2025 WL 3722014, at *10-12; *Reyes-Martinez*, 2025 WL 3680330, at *11-13; *Ramirez*, 2025 WL 3553676, at *11-12; *Aranda*, 2025 WL 3499061, at *6-8; *Mateo*, 2025 WL 3499062, at *3-7; *Edahi*, 2025 WL 3466682, at *13-14; *Singh*, 2025 WL 3298080, at *5-6; *Navarrete*, 2025 WL 3298081, at *3; *Salinas*, 2025 WL 3243837, at *3; *Del Villar*, 2025 WL 3231630, at *6-7; *Lopez*, 2025 WL 3217036, at *4; *Alonso*, 2025 WL 3083920, at *8-9; *Guerra*, 2025 WL 3046187, at *4-6; *Martinez-Elvir*, 2025 WL 3006772, at *11-13; *Orellana*, 2025 WL 3006763, at *5-6; *Mejia*, 2025 WL 2933852, at *4-5; *Ballestros*, 2025 WL 2880831, at *4-5; *Patel v. Tindall*, No. 3:25-CV-373-RGJ, 2025 WL 2823607, at *5-6 (W.D. Ky. Oct. 3, 2025); *Singh*, 2025 WL 2699219, at *3-5; *Barrera*, 2025 WL 2690565, at *5-7. The unlawful detention of Shatmanalieva implicates her liberty interest to

which due process applies and precludes her from challenging her detention creating a high risk of erroneous deprivation of the liberty interest, which can be remedied by providing a bond hearing before a neutral immigration judge. *See Foucha v. Louisiana*, 504 U.S. 71, 80 (1992) (internal citation omitted) (citing *Youngberg v. Romeo*, 457 U.S. 307, 316 (1982)); *Günaydin v. Trump*, 784 F. Supp. 3d 1175, 1187 (D. Minn. 2025); *Pinchi v. Noem*, No. 5:25-CV-05632-PCP, 2025 WL 2084921, at *5 (N.D. Cal. July 24, 2025). As this Court has recognized, "a 'routine bond hearing before an [immigration judge]' presents 'minimal' fiscal and administrative burdens, and 'there is an established process for doing so that [the Department of Homeland Security] can readily follow here.'" *Alonso*, 2025 WL 3083920, at *9 (alterations in original) (quoting *Hyppolite v. Noem*, No. 25-CV-4304 (NRM), 2025 WL 2829511, at *15 (E.D.N.Y. Oct. 6, 2025)).

When individuals have been illegally detained by ICE, courts have ordered their release. *See Patel*, 2025 WL 2823607, at *6; *Barrera*, 2025 WL 2690565, at *7; *see also Roble v. Bondi*, No. 25-CV-3196 (LMP/LIB), 2025 WL 2443453, at *5 (D. Minn. Aug. 25, 2025). "Habeas has traditionally been a means to secure release from unlawful detention . . . ." *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020). Consistent with these norms, Shatmanalieva must be released, and if she is arrested and re-detained, she is entitled to a bond hearing on the merits under 8 U.S.C. § 1226 before a neutral immigration judge.

Accordingly, **IT IS HEREBY ORDERED** as follows:

1.  The Petition for Writ of Habeas Corpus (DN 1) is **GRANTED**. Respondents are directed to release Petitioner Aida Shatmanalieva from custody **IMMEDIATELY**, and, in the event that she is arrested and re-detained, provide her with a bond hearing before a neutral

5

immigration judge in accordance with 8 U.S.C. § 1226(a). Respondents shall certify compliance with the Court's Order by filing on the docket no later than **5:00 PM CT today**.

      2.      Upon receipt of the notice of compliance, the Clerk shall strike this matter from the active docket.

**Greg N. Stivers, Judge**
**United States District Court**
March 11, 2026

cc:      counsel of record